1840.

DOBBS
*v.*
DOBBS.

---

## DOBBS *v.* DOBBS, Junior.

---

Masters, in divorce cases, must take proof of the material facts in the bill; *e. g.* marriage and non-cohabitation, as well as of the adultery.

---

BILL filed for divorce on the ground of adultery. It had been taken *pro confesso;* and on the master's report now coming in,

THE VICE-CHANCELLOR said: It is surprising that solici-tors and masters so often omit a part of what is required to be proved under orders of reference in cases for divorce. It is

Feb. 11,
1840.

*Practice.
Divorce.
Master's
report.*

the duty of the master to take proof touching all material facts alleged in the bill : see *Dodge* v. *Dodge*, 7 Paige's C. R. 589. These embrace the fact of marriage ; of adultery ; and that the complaining party has not cohabited with knowledge of the adultery, &c. The latter may not be the subject of direct and positive proof, but it may be made out by circumstances or inferred from facts susceptible of affirmative proof. Such, for instance, as the living separate and apart, the manner of the separation, how and when it took place, all of which may go to show that there has been non-intercourse between them. This report is defective in all these particulars. The complainant should be required to produce some evidence of the allegations of her bill, about being turned out of doors by the defendant and of her living apart from him. There is, also, one other material point about which no evidence has been produced, namely, the marriage of the complainant and defendant. As the case now stands, the defendant appears to have taken " Julia" to wife ; and, for any thing that appears in proof, she may be his lawful wife and not the complainant.

The case may be referred back to a master for further proofs.